Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Lionel Ford**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Handybros Services, LLC**, an Arizona company; and **David Visser,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiff Lionel Ford ("**Plaintiff**"), for his Verified Complaint against Defendants Handybros Services, LLC; and David Visser (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation,

liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Lionel Ford resided in the District of Arizona.

8. Plaintiff Lionel Ford was a full-time employee of Defendants from on or around May 24, 2021 until on or around May 28, 2021.

9. At all relevant times, Plaintiff Lionel Ford was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times, Plaintiff Lionel Ford was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times, Plaintiff Lionel Ford was an employee of Defendants as defined by A.R.S. § 23-350(2).

12. Defendant Handybros Services, LLC is a company authorized to do business

in Arizona.

13. Defendant Handybros Services, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendant Handybros Services, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. Defendant Handybros Services, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. Defendant David Visser is an Arizona resident.

17. Defendant David Visser has directly caused events to take place giving rise to this action.

18. Defendant David Visser is the owner of Handybros Services, LLC.

19. Defendant David Visser is a manager of Handybros Services, LLC.

20. Defendant David Visser is an employer of Handybros Services, LLC.

21. Defendant David Visser is a member of Handybros Services, LLC.

22. Defendant David Visser has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant David Visser has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. Defendant David Visser has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

25. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant David Visser is an employer.

26. Defendant David Visser had to the authority to hire and fire employees.

27. Defendant David Visser had to the authority to hire and fire Plaintiff Lionel Ford.

28. Defendant David Visser interviewed and hired Plaintiff Lionel Ford.

29. Defendant David Visser supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

30. Defendant David Visser would communicate with Plaintiff via text message about job sites and locations.

31. Defendant David Visser determined the rate and method of Plaintiff's payment of wages.

32. Defendant David Visser told Plaintiff he would send him his owed wages on multiple occasions, eventually Defendant began to ignore Plaintiff and blocked his phone number.

33. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant David Visser is subject to individual and personal liability under the FLSA.

34. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

35. Defendants, and each of them, are sued in both their individual and corporate capacities.

36. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

37. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

38. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

39. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

40. Plaintiff would use the telephone for communication with Defendants.

41. Plaintiff is a covered employee under individual coverage.

## FACTUAL ALLEGATIONS

42. The entity Defendant is a handyman service.

43. On or around May 24, 2021, Plaintiff Lionel Ford commenced employment with Defendants as a painter/carpenter.

44. Plaintiff's primary job duties included painting and general handyman work.

45. From on or around May 24, 2021 to on or around May 28, 2021, Plaintiff Lionel Ford was supposed to be paid at a rate of $25.00 an hour.

46. Plaintiff was a non-exempt employee.

47. Plaintiff worked for Defendants for three days and did not receive any payment.

48. Plaintiff Lionel Ford worked 24 hours over the course of the three days and is owed $600.

49. Defendants failed to properly compensate Plaintiff for his hours worked.

50. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

51. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

52. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

54. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

55. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

57. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

58. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

59. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

60. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

61. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

62. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

63. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

64. Defendants have not made a good faith effort to comply with the FLSA.

65. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

66. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

68. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

69. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

70. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

71. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

72. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

73. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

74. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

75. Defendants failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

76. Defendants have willfully failed and refused to timely pay wages due to Plaintiff.

77. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. §

206, by failing to pay minimum wages;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 4, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Lionel Ford declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Lionel Ford